```
                    UNITED STATES DISTRICT COURT
                 FOR THE EASTERN DISTRICT OF VIRGINIA
                            Norfolk Division
```

**SHAWN THOMAS, #311522**

        **Petitioner,**

**v.**                                                             **2:05CV415**

**GENE M. JOHNSON, Director of the
Virginia Department of Corrections,**

        **Respondent.**

## FINAL ORDER

This matter was initiated by petition for a writ of habeas corpus under 28 U.S.C. § 2254. The petition alleges violation of federal rights pertaining to petitioner's convictions on July 23, 2002, in the Circuit Court of Northumberland County, Virginia, for voluntary manslaughter and use of a firearm in the commission of a murder, as a result of which he was sentenced to serve thirteen years in the Virginia penal system.

The matter was referred to a United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 29 of the Rules of the United States District Court for the Eastern District of Virginia for report and recommendation. The Magistrate Judge filed his report recommending dismissal of the petition on October 27, 2005. By copy of the report, each party was advised of his right to file written objections to the findings and recommendations made by the Magistrate Judge. The Court received from petitioner on November 8, 2005, objections to the report.

The Court, having reviewed the record and examined the objections filed by the petitioner and having made _de novo_ findings with

respect to the portions objected to, does hereby adopt and approve the findings and recommendations set forth in the Report of the United States Magistrate Judge filed October 27, 2005. It is, therefore, ORDERED that the petition be DENIED and DISMISSED on the merits and that judgment be entered in respondent's favor.

To the extent that petitioner objects to the Magistrate Judge's conclusion regarding counsel's failure to argue that the evidence was insufficient to support the voluntary manslaughter conviction, the objection is without merit. The record contradicts petitioner. As noted by the Supreme Court of Virginia, defense counsel objected to the sufficiency of the evidence "at the conclusion of the Commonwealth's case, at the conclusion of all the evidence, and after the verdict was returned." Thomas v. Director, Va. S.Ct. Ord., Rec. No. 042416 at 1 (April 5, 2005). Petitioner's argument that he was "ambushed" is without merit, and there was no obligation on defense counsel to incorporate petitioner's view in the course of his arguments and motions.

To the extent that petitioner objects to being sentenced for voluntary manslaughter, his objections are without merit. The jury verdict was read, and the record reveals that petitioner was convicted of voluntary manslaughter, for which he was subsequently sentenced. (Tr. at 336.) As originally pled, it appears that petitioner objects to the fact that counsel did not request an instruction informing the jury that petitioner could only be convicted of murder if he was going to be convicted of the firearm charge. However, such was not the case because the jury was given four choices: (1) first degree murder, (2) second degree murder, (3) voluntary manslaughter, or (4) a finding of not guilty. (Tr. at 333.) Petitioner was found guilty of the lowest form

of homicide, a testament to defense counsel's efforts during the course of trial.

To the extent that petitioner objects to the introduction of a drug certificate analysis pertaining to the presence of a small amount of crack cocaine by the victim at the time of his death, the objection is without merit. Defense counsel used the evidence to argue that the victim was irrational and that petitioner shot him out of fear. The evidence was used in an effort to benefit petitioner's legal position, who may have feared for his life, and did not suggest that petitioner was involved in any drug activities. Defense counsel is allowed discretion in making decisions about how evidence may be used or disregarded. In this case, the certificate was admitted without objection because defense counsel used it in a way that was helpful to petitioner, which is reflected in the manslaughter conviction, as opposed to a first degree or second degree murder conviction.

To the extent that petitioner objects that defense counsel's failure to impeach a witness for the Commonwealth, the objection is without merit. The record reveals no inconsistency in the witness' testimony and, thus, no basis upon which defense counsel could have impeached the testimony.

Petitioner may appeal from the judgment entered pursuant to this Final Order by filing a written notice of appeal with the Clerk of this Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510, within thirty days from the date of entry of such judgment. Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, the Court, pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, declines to

issue a certificate of appealability.  See Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003).

       The Clerk shall mail a copy of this Final Order to petitioner and to counsel of record for the respondent.

                                  _____/s/_____
                                      **Walter D. Kelley, Jr.**
                                **UNITED STATES DISTRICT JUDGE**

**Norfolk, Virginia**
**November 28, 2005**